UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

            *Plaintiff*,        **MEMORANDUM & ORDER**

   -against-              19-cv-3510 (KAM)

ANDREA MARMOL,

            *Defendant*.
-----------------------------------X

**MATSUMOTO, United States District Judge**:

Plaintiff United States of America ("plaintiff") commenced this action seeking payment for the indebtedness of defendant Andrea Marmol ("Marmol" or "defendant"), arising from a federal education loan. (*See generally* ECF No. 1, Complaint, dated 6/13/2019 ("Compl.").) Presently before the court is plaintiff's unopposed motion for entry of a default judgment against defendant. (ECF No. 8, Motion for Default Judgment, dated 8/24/2019 ("Mot.") at 1.) For the reasons set forth below, plaintiff's motion for default judgment is **granted**. The court has determined the appropriate amount of damages, as set forth below, that should be awarded to plaintiff based on the documents submitted in support of plaintiff's motion. Defendant did not oppose the motion.

## BACKGROUND

Plaintiff filed the instant complaint against Marmol on June 13, 2019. (*See generally* Compl.) Service of process

was effected on June 25, 2019 at defendant's residence by leaving a copy of the summons and complaint with Evelyn Marmol, a female relative of suitable age and discretion who also resides at defendant's place of residence. (ECF No. 5, Affidavit of Service.) A copy of the Summons was also mailed to defendant on July 3, 2019 by a process server. (*Id.*) Defendant's answer was due by July 16, 2019, and defendant did not answer or otherwise respond to plaintiff's summons and Complaint. On July 23, 2019, plaintiff requested a Certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 6, Request for Certificate of Default.) On July 31, 2019, the Clerk of Court declared that defendant Marmol is in default in this action.

The complaint alleges that defendant owes the United States the principal sum of $11,813.76 plus interest accrued through May 10, 2019 in the amount of $7,588.07, with interest continuing to accrue at the annual rate of $1.98 per diem. (*See* Compl.; ECF No. 1-1, Ex. A.) Plaintiff attached to the Complaint a Certificate of Indebtedness ("COI") and an affidavit of amount due, prepared by a Loan Analyst within the United States Department of Education (the "Department") as evidence of the debt allegedly owed by Marmol. (ECF No. 8-1, Affidavit of Amount Due; ECF No. 8-2, Manfredi Affirmation; ECF No. 8-3, Ex. A, COI.) According to the COI, on or about August 25, 2006,

2

Marmol executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Collegiate Funding Services, Fredericksburg, VA. (ECF No. 8-3, Ex. A, COI.) On October 5, 2006, the loan was disbursed for $10,495.12 at 6.125% interest per annum. (*Id.*) The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and reinsured by the Department under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (*Id.*) On November 14, 2007, defendant defaulted on the loan, and the holder filed a claim on the loan guarantee. (*Id.*) Due to the default, the guarantor paid $11,885.34 to the holder. (*Id.*) The guarantor attempted, without success, to collect this debt from defendant, and on September 2, 2014, the guarantor assigned its right and title to the loan to the Department. (*Id.*)

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources to the balance. (*Id.*) As of May 10, 2019, defendant owed the United States $11,813.76 in principal and $7,588.07 in interest, resulting in a total debt obligation of $19,401.83, plus interest at a rate of $1.98 per day. (*Id.*) Thus, plaintiff demands judgment against defendant in the aforementioned amounts. (ECF No. 1, Compl.)

**DISCUSSION**

**A. Standard for Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). *First*, a plaintiff must obtain an entry of default. *Id.* "When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention," *id.* at 505, and the Clerk of Court must thereafter enter a default, Fed. R. Civ. P. 55(a). *Second*, once default is entered, a plaintiff must "apply to the court for a default judgment." *Id.* 55(b)(2). Whether to grant a default judgment is "left to the sound discretion of [the] district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The court must be mindful that a defendant's default functions as an admission of all well-pleaded factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Yet, the court must ensure that "[the

4

plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (citing *Au Bon Pain*, 653 F.2d at 65).

Moreover, although the court accepts well-pleaded factual allegations as true, this does not apply to allegations related to damages, *Au Bon Pain*, 653 F.2d at 65, which the plaintiff must prove to the court with "reasonable certainty," *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Although "a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound*, 973 F.2d at 158. Rule 55 states that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit has held that allegations in the complaint and the affidavit of plaintiff's counsel "asserting an

5

amount of damages sustained by plaintiff . . . [were] insufficient evidence upon which to enter the amount of the judgment." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Gragg*, 2009 WL 1140490, at *2 (quoting *Credit Lyonnais*, 183 F.3d at 154-55). A hearing is not necessary where, as here, the record contains a detailed affidavit, a certificate of indebtedness, and documentary support that enables the court to evaluate and determine the amount of a damages award. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *United States v. Benain*, No. 11-CV-2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011); *United States v. Tobee*, 10-CV-731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010).

### B. Application

As a threshold matter, defendant has not attempted to defend herself in the present action. Based on the evidence in the docket, and as provided in the foregoing, this court finds that defendant has been served with the Summons and Complaint and motion for entry of default judgment and has had sufficient

6

notice of the present litigation.  (ECF No. 5, Affidavit of Service; ECF No. 8-8, Affidavit of Service of Motion.)  The court, therefore, finds that defendant has willfully and deliberately failed to plead or defend its interest in this action.  Accordingly, a default judgment will be entered against defendant.  Plaintiff, however, is requested to provide updated damages calculations, including the accrual of interest "at a rate of $1.98 per day."  (ECF No. 8-1, Affidavit of Amount Due ¶ 11.)

## CONCLUSION

For the foregoing reasons, the court hereby grants plaintiff's motion for default judgment as against defendant. Plaintiff is directed to serve a copy of this memorandum and order on defendant and file a certificate of service by January 27, 2020.  Plaintiff is further directed to submit updated damages calculations no later than, and up to, January 31, 2020.
**SO ORDERED.**

Dated:   January 24, 2020
         Brooklyn, New York

/s/
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York